IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DUANE E. BLOCKER, SR., In re:
D.E.B. Jr., Blocker's minor son age
9, In re: D.E.B. Blocker's minor
daughter 7,

          Plaintiff,

v.                                      1:13-cv-3795-WSD

STATE OF GEORGIA, et al.,

          Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Duane E. Blocker, Sr.'s ("Plaintiff") Motion to Vacate Judgment [15] ("Motion").

On November 11, 2013, Plaintiff, proceeding *pro se*, submitted an Application for Leave to Proceed *in forma pauperis* [1] ("IFP Application"). On December 5, 2013, Magistrate Judge E. Clayton Scofield, III issued an order [4] ("December 5th Order") granting Plaintiff's IFP Application and directing the Clerk to submit Plaintiff's Complaint to the Court for the required frivolity review.

The address Plaintiff provided the Court was "P.O. Box 720, Atlanta, GA, 30301." The first copy of the December 5th Order sent to Plaintiff was incorrectly addressed to "P.O. Box 720, 4425 Memorial Drive, Atlanta, GA 30301," and was,

on December 13, 2013, returned as undeliverable.[1] (See [6]). On the outside of the envelope, someone crossed out "Atlanta, GA 30301" and handwrote "Decatur, GA 30032." (See id.).

On December 16, 2013, a second copy of the December 5th Order was mailed to Plaintiff at "P.O. Box 720, Atlanta, GA 30301," addressed exactly as it appears on the Civil Cover Sheet Plaintiff filed with his IFP Application and Complaint. That copy was, on December 30, 2013, returned as undeliverable. (See [7]).

On December 31, 2013, a third copy of the December 5th Order was mailed to Plaintiff at "P.O. Box 720, Decatur, GA 30032," and was, on January 13, 2014, returned as undeliverable. (See [8]).

On January 22, 2014, the Court ordered [9] ("January 22nd Order") that this action be dismissed without prejudice pursuant to Rule 41.2C of the Court's Local Rules, which provides that "[t]he failure . . . of a party appearing pro se to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice." (January 22nd Order at 2).

---

[1] It is not clear why the Memorial Drive address was included, though the Court notes that this is the address of the DeKalb County Jail.

A copy of the January 22nd Order was mailed to Plaintiff at "P.O. Box 720, Atlanta, GA 30301," and was, on February 19, 2014, returned as undeliverable. (See [13]).

On March 5, 2014, Plaintiff filed his Motion, requesting that the Court vacate its January 22nd Order because the notice of the December 5th Order was incorrectly mailed to "P.O. Box 720, Decatur, GA 30032" instead of the correct address of "P.O. Box 720, Atlanta, GA 30301."

The mailing record in this case shows that the mailing address given by Plaintiff has been used to send mail to Plaintiff, all of which has been returned as undeliverable. Notice of the December 5th Order was mailed to Plaintiff at the "P.O. Box 720, Atlanta, GA 30301" address--the address to which he still demands mail be sent. (See [7]). The copy of the December 5th Order mailed to "P.O. Box 720, Atlanta, GA 30301" was, on December 30, 2013, returned as undeliverable. (Id.). A copy of the Court's January 22nd Order also was mailed to Plaintiff at "P.O. Box 720, Atlanta, GA 30301." (See [13]). It too was returned, on February 19, 2014, as undeliverable. (See id.). The Court has thus sent two separate orders to Plaintiff at the address he provided in his IFP Application and Complaint and which he provided again in his March 5, 2014, Motion. Both mailings were returned as undeliverable.

As noted in the Court's January 22nd Order, Plaintiff has failed "to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case . . . ." LR 41.2 C., NDGa.  The Court can only conclude, having two orders mailed to "P.O. Box 720, Atlanta, GA 30301" returned as undeliverable, that Plaintiff has changed his address, no longer maintains this P.O. Box, or the address is otherwise insufficient for the delivery of mail.  The Court concludes that Plaintiff's "incorrect address" argument is insufficient for the Court to vacate its January 22nd Order, including because it was sent to the address to which Plaintiff states it was required to be sent.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment [15] is **DENIED**.

**SO ORDERED** this 22nd day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE